UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MACK FINANCIAL SERVICES, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2814**<br>**c/w 21-669** |
| **GEORGE L. ACKEL III, ET AL** | **SECTION "B"(5)** |

### ORDER AND REASONS

Before the Court is plaintiffs' Motion for Default Judgment (Rec. Doc. 21). For the following reasons,

**IT IS ORDERED** that the motion is **DENIED**.

### FACTS OF THE CASE AND PROCEDURAL HISTORY

This suit arises from a breach of guaranty claim wherein the defendant Fleetstar, LLC ("Fleetstar") allegedly failed to remit payments owed to plaintiffs Mack Financial Services, a division of VFS US LLC ("Mack Financial") and Volvo Financial Services, a division of VFS US LLC ("Volvo Financial")(collectively "plaintiffs"). *Mack Financial Services, et al v. Fleetstar LLC*, (CA 21-669), ECF No. 1 at 8.

On April 1, 2021, plaintiffs filed a complaint in this Court against Fleetstar to enforce their security interest in the collateral set forth in the complaint (i.e., vehicles and equipment that plaintiffs financed on behalf of defendant) and return of such collateral. Rec. Doc. 21-1 at 1. Service of process was perfected upon Fleetstar LLC through its registered agent on April 6, 2021. *Id.*

Since perfection of service, Fleetstar failed to serve or file an answer, responsive pleading, or motion and otherwise failed to appear and defend in this action within 21 days of service as required by the Federal Rules of Civil Procedure. *Id.* at 2. As such, on April 29, 2021, the Clerk of Court docketed an Entry of Default as to Fleetstar. *Id.*

On May 5, 2021, plaintiffs moved for default judgment against Fleetstar, generally arguing that Fleetstar's failure to appear warrants a default judgment. Rec. Doc. 21-1 at 4. Accordingly, plaintiffs urge the Court to formally recognize their secured interests in the contracts executed between the parties and enforce their right to take possession of the collateral. *Id.* at 13. Fleetstar did not file any response to the motion.

On that same date, this Court consolidated this action to a related action brought by the same plaintiffs against Fleetstar's guarantors George L. Ackel III ("Ackel") and Ackel Construction Company, LLC ("Ackel Construction"). Rec. Doc. 18.

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See* Fed. R. Civ. P. 55. When a plaintiff believes that a defendant is in default, it must first seek an entry of default under Rule 55(a). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). If the Clerk of Court enters a default, the plaintiff may then seek entry of default

2

judgment under Rule 55(b). *See id.* The district court has discretion as to whether entry of default judgment is proper. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Thus, "a party is not entitled to default judgment as a matter of right, even where the defendant is technically in default. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.*

Considering the recent consolidation of plaintiffs' claims against Ackel, Ackel Construction, and Fleetstar, it is important to mention the applicability of Federal Rule of Civil Procedure 54(b). The rule titled "Judgment Upon Multiple Claims or Involving Multiple Parties" provides, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Despite the power conferred upon courts through this rule, the Fifth Circuit cautioned that such orders "should not be entered routinely or as a courtesy or accommodation to counsel" *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1171 (5th Cir. 1978). Rather, default judgments "should be used only in the infrequent harsh case as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in light of the public policy indicated by statute and rule." *Id.*

Moreover, "if the possibility exists that entry of default judgment against one defendant risks unavoidable inconsistency with a later judgment concerning the other defendants in the action, judgment should not be entered against that defendant until that matter has been adjudicated with regard to all defendants." *General Electrical Capital Corp. v. Arnoult*, No. CIV.A.99-2411, 2002 WL 32856, at *2 (E.D.La. Jan. 9, 2002)(citing 10A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2690 (4th ed. 2021)).

In *Arnoult*, this Court denied plaintiff's motion for default judgment against two of the three defendants because the plaintiff's factual allegations against all three defendants rendered them "similarly situated". *Arnoult*, 2002 WL 32856, at *2. The court reasoned, "it is not proper to enter a default judgment against one defendant when there are multiple defendants that are 'similarly situated' because of the risk of inconsistent judgments." *Id.*

Here, plaintiffs request a default judgment against Fleetstar alone for failure to answer the complaint or otherwise defend the action. Rec. Doc. 21-1 at 1. However, prior to consolidation, Ackel and Ackel Construction filed an answer and counterclaim to plaintiffs' complaint in the master action. Rec. Doc. 7. Like *Arnoult*, Fleetstar, Ackel, and Ackel Construction are similarly situated defendants because plaintiffs' allegations against the

4

defendants in both complaints are identical. *See* Rec. Doc. 1; *Mack Financial Services et al v. Fleetstar*, (CA 21-669), ECF No. 1. As such, final judgment against Fleetstar alone presents a risk of inconsistent judgments against its co-defendants Ackel and Ackel Construction. Therefore, default judgment in this matter is not proper.

    New Orleans, Louisiana this 3rd day of June, 2021

                                                  _____
                                                  SENIOR UNITED STATES DISTRICT JUDGE